IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY LANCE HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-769-MHT |
| ) | |
| ASPLUNDH TREE EXPERT COMPANY, ) | |
| RMSCO, INC. and JIMMY RUMKER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS ASPLUNDH TREE EXPERT COMPANY AND RMSCO, INC.'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Asplundh Tree Expert Company ("Asplundh") and RMSCO, Inc. ("RMSCO") hereby move the Court to dismiss plaintiff Timothy Lance Hunter's ("Hunter") Complaint with prejudice for failure to state a claim upon which relief can be granted. In support of this Motion, defendants provide the following:

### I. Background Facts

1. As an employee of Asplundh, Hunter is a participant in the Asplundh Tree RMSCO Health Plan ("The Plan"). See Complaint ¶ 27 ("The Defendant, RMSCO, issued the Plaintiff's employer, Asplundh, a policy of group health

insurance, in which plaintiff is a participant.").[1]

2. Plaintiff claims that defendants improperly refused to pay benefits to him pursuant to the Plan. See Complaint ¶ 28 ("This action seeks to recover benefits due to Plaintiff under the terms of said policy or plan and seeks to enforce Plaintiff's rights under the terms of said policy or plan."); id. ¶ 29 ("On or about the 18th day of January, 2005, Plaintiff's providers filed several claims with Defendant, RMSCO."); id. ¶ 15 ("On or about the 8th day of March, 2005, the claims for medical treatment was (sic) rejected a (sic) insurance being canceled."); id. ¶ 21 ("Plaintiff again resubmitted claims and made demands of the employer to pay as per the term of his employment contract and per the premiums being deducted from his paycheck. Said claims were again rejected after July of 2005.") id. ¶ 30 ("Defendants wrongfully denied said claim(s)").

3. Plaintiff filed his lawsuit in the Circuit Court of Henry County, Alabama and the action was removed by defendants to this Court on August 24, 2007, pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

---

[1] In actuality, RMSCO, Inc. is the claims administrator for the Plan and did not, as alleged, issue a policy to Asplundh. See Exh. A, at pp. 54, 65. This distinction is immaterial to the motion at hand.

## II. <u>Motion to Dismiss</u>

A.    <u>Standard of Review</u>

"The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief." <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1368 (11th Cir. 1997). The accepted rule for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 1369 (internal citations omitted).

Although motions to dismiss generally are determined on the facial sufficiency of the complaint alone, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require a conversion of the motion into a motion for summary judgment." <u>Id.</u> (citing <u>Venture Assoc. Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 431 (7th Cir. 1993)).[2]

---

[2] It is on this basis that defendants attach Exhibit 1, excerpts from the Summary Plan Description for The Asplundh Tree RMSCO Health Plan.

B. <u>**Plaintiff's Claim Is Preempted by ERISA.**</u>

The Complaint asserts a single claim for breach of contract, premised on an alleged improper denial of health insurance benefits under the Plan (Complaint ¶ 28 ("This action seeks to recover benefits due to Plaintiff under the terms of said policy or plan and seeks to enforce Plaintiff's rights under the terms of said policy or plan."). Plaintiff demands judgment in the form of money damages, an order requiring benefits to be provided, attorney's fees and other damages, including but not limited to punitive damages. <u>Id.</u> ¶ 34, Prayer for Relief.

Plaintiff's claim is due to be dismissed because it is preempted by ERISA. Plaintiff seeks payment of health insurance benefits payable from an employee benefit plan. This claim clearly is governed by ERISA, 29 U.S.C. § 1132(a)(1)(B). In addition, Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides that the Act "supercede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." Accordingly, the United States Supreme Court has held that state law breach of contract claims for benefits are preempted. <u>See</u> <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 56 (1987) (breach of contract action for disability benefits preempted by ERISA). The Eleventh Circuit likewise has made it clear that claims for benefits pursuant to a benefit plan are properly asserted as claims under ERISA. <u>See, e.g.</u> <u>Smith v. Wynfield Dev. Co.</u>, 2007 U.S. App.

4

LEXIS 13383, at *16 (11th Cir. 2007) ("[Plaintiff's] claims for relief that relate to the group medical insurance, although characterized as state law [] claims, are subject to complete preemption under ERISA."); Garren v. John Hancock Mutual Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) (holding that claim "'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits"); Amos v. Blue Cross - Blue Shield of Alabama, 868 F. 2d 430 (11th Cir.), cert. denied, 493 U.S. 855 (1989) (breach of contract claim for denial of employee benefits is preempted by ERISA).

When a complaint is, on its face, preempted by ERISA, dismissal is appropriate. See Garren, 114 F. 3d at 187 (affirming district court's dismissal of state law contract claim for benefits that was preempted by ERISA). In the instant case, it is clear that plaintiff's complaint is an ERISA benefits claim asserted as a state law breach of contract claim. Accordingly, plaintiffs' claim is preempted by ERISA and must be dismissed as a matter of law.

C.   **Plaintiff Failed to Exhaust Administrative Remedies.**

Finally, even if plaintiff properly had asserted his claim as an ERISA claim, it is nevertheless due to be dismissed because he failed to exhaust the administrative prerequisites of his claim prior to filing suit. Participants or

beneficiaries of an ERISA plan must exhaust all administrative remedies prior to filing a lawsuit. Perrino v. Southern Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 (11th Cir. 2000); Counts v. American Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997); Springer v. Wal-Mart Assocs.' Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990). Failure to exhaust all administrative remedies results in a dismissal of plaintiff's ERISA claims. Perrino, 209 F.3d at 1318-19; Moore v. American Fed'n of TV & Radio, 216 F.3d 1236, 1240 n.10 (11th Cir. 2000).

In the case at hand, the Plan provides participants and beneficiaries with appeal procedures should they choose to challenge the denial of some benefit under the plan. See Exhibit 1, at pp. 54-58. In his Complaint, plaintiff alleges that he submitted (and re-submitted) claims for health insurance benefits but does not allege that he filed any appeal of the denial of those claims or that he exhausted his Plan remedies. Because Plaintiff has failed to allege that he exhausted his administrative remedies and, to defendants' knowledge, has not in fact done so, his claim is due to be dismissed.

### III. Alternative Motion to Strike Jury Demand

The Complaint requests a trial by jury (Complaint, at p. 4). It is well established, however, that a jury trial is unavailable in a lawsuit for employee

benefits. An action to recover employee benefits under ERISA is equitable in nature. See Hunt v. Hawthorne Associates, Inc., 199 F. 3d. 888, 907 (11th Cir.) 1997, (*cert. denied*), 523 U.S. 1120 (1998). The Eleventh Circuit Court of Appeals therefore has held that no jury trial is available for such actions. Id.; accord Tischmann v. ITT/Sheraton Corp., 145 F. 3d 561, 568 (2nd Cir.) (noting that "cases involving ERISA benefits are inherently equitable in nature, not contractual, and that no right to jury trial attaches to such claims"), *cert. denied*, 525 U.S. 963 (1998); Cox v. Keystone Carbon Company, 894 F. 2d 647 (3rd Cir.), *cert. denied*, 498 U.S. 811 (1990). Accordingly, plaintiff's demand for a jury trial should be stricken.

## IV. Conclusion

For all the reasons set forth herein, plaintiff has failed to state a claim upon which relief may be granted and defendants are entitled to the dismissal of the Complaint as a matter of law. In the alternative, plaintiff is not entitled to a jury trial and his jury demand is due to be stricken.

Respectfully submitted,

_____
Shannon L. Miller (ASB-8026-R60S)


_____
David T. Wiley (ASB-4051-Y54D)

Attorneys for defendants

Jackson Lewis LLP
2001 Park Place North, Ste. 650
Birmingham, Alabama 35203
Tel:   (205) 332-3102/3104
Fax:   (205) 332-3131


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served *via* U.S. Mail, First Class and postage prepaid, upon the following counsel of record:

> Michael W. Rountree
> Rountree & Associates, LLC
> 448 Saint Lukes Drive
> Montgomery, Alabama  36117

This the 24th day of August, 2007.

_____
Shannon L. Miller

# EXHIBIT A



ASPLUNDH TREE EXPERT CO.

Health Benefit and Premium Payment Plan

SUMMARY PLAN DESCRIPTION

for the

INDEMNITY PLAN

DENTAL PLAN

Updated 010107

## CLAIM PROCEDURE

All claims must be submitted to the address provided on your medical identification card, within 180 days after the end of the calendar year in which the charges were incurred. Claims, which are not filed within this time period, will be denied. Payments will be made to the provider unless the bills are marked "PAID."

PLEASE BE SURE THAT:

53

All claims are forwarded to the address provided on your medical identification card, on forms provided in your enrollment package or available from your Designated Field Representative. The proof of claim must include a description of occurrence and character and extent of the loss.

Send claims to the address provided on your medical identification card and be sure the following information is included:

**** *YOUR EMPLOYER'S NAME MUST BE INDICATED ON YOUR HEALTH CLAIM, OTHERWISE, THE CLAIM WILL BE RETURNED TO YOU OR TO THE HEALTH CARE PROVIDER REQUESTING THAT INFORMATION. PLEASE BE SURE TO TELL YOUR PHYSICIAN, DENTIST, OR OTHER PROVIDER TO INCLUDE YOUR EMPLOYER'S NAME ON ALL CLAIMS SUBMITTED.* ****

All questions relating to eligibility, classification, or other "non-claim" issues under the Plan should be submitted to the Asplundh Tree Expert Co. Employee Benefits Department for determination by the Plan Administrator.

**KEEPING YOUR CLAIM FILE CURRENT** - To avoid delays in processing your claim, please notify the Asplundh Tree Expert Co. Employee Benefits Department, 708 Blair Mill Road, Willow Grove, PA 19090 at once:

(A) When you acquire an additional eligible Dependent.

(B) When one of your Dependents is no longer eligible (such as change of marital status or death).

(C) If you have a change of address.

(D) If you cancel or add other health coverage for you or members of your family.

<u>Physical Examinations</u>: RMSCO, as the Claim Administrator, and the Plan Administrator have the right and opportunity to have any individual whose Sickness or injury is the basis of a claim examined when and as often as it may reasonably require when such claim is pending. The findings of such examinations will not affect your or your Covered Family Member's eligibility for continued enrollment under the Plan.

## HOW TO APPEAL A CLAIM

EXPEDITED APPEAL OF AN ADVERSE DETERMINATION FOR AN URGENT CARE CLAIM: A Covered Family Member or any Authorized Representative may appeal an Adverse Determination of an Urgent Care Claim. An expedited review will be provided for any appeal of an Adverse Determination involving Urgent Care Claims. The Covered Family Member or Authorized Representative may submit additional information or written comments to the Claim Administrator as part of the appeal. The

54

Covered Family Member will have reasonable access to and copies of all documents, records, or other information that the Plan relied on to make its decision. The Claim Administrator will make a Determination of Benefits for an appeal involving any Urgent Care Claim as soon as possible, but not later than 72 hours after receipt of the appeal.

APPEAL OF AN ADVERSE DETERMINATION OF A NON-URGENT CARE CLAIM: A Covered Family Member or an Authorized Representative may appeal an Adverse Determination of a Post-Service Claim within 180 days of receipt of the notice of an Adverse Determination. The Covered Family Member or an Authorized Representative should submit a written request and any supporting documents to the Claim Administrator. Include the specific reason(s) for the appeal.

Upon request, the Covered Family Member or an Authorized Representative will be provided, free of charge, reasonable access to and copies of all documents, records, and other information relevant to the claim. Access to this information is provided without regard to whether such documents, records, and information were considered or relied upon in making the Adverse Determination that is the subject of the appeal.

The Claim Administrator will provide a review that considers all comments, documents, records, and other information submitted relating to the appeal. The review will take into account all information, without regard to whether such information was submitted or considered in the initial benefit determination, and:

(A) The appeal decision shall not provide deference to the initial Determination of Benefits.

(B) The appeal decision will be made by a fiduciary of the Plan. This individual cannot be the person who made the initial Adverse Determination, nor can it be the subordinate of this individual. Any appeal based on medical judgment will be conducted through consultation with a health care professional.

(C) If an appeal is denied, upon request, the Covered Family Member and any Authorized Representative shall be provided with access to relevant documents, records, and information to the extent not previously provided. This includes any documents that were created or received during the appeal process and any reports and identities of experts consulted by the Plan during the appeal.

**TIMEFRAMES FOR DETERMINING NON-URGENT CARE APPEALS:**

(A) Post-Service Claim Appeal. A Covered Family Member will be entitled to two levels of appeal of an Adverse Determination of a Post-Service Claim. The Claim Administrator will determine the disposition of the first level of

55

(B) Pre-Service Claims: Claims for medical care or treatment described in the Pre-Admission Certification are Pre-Service Claims. The Claim Administrator will make a Determination of Benefits and notify the Covered Family Member and any Authorized Representative either orally or in writing. The notification will be made as soon as possible but not later than 15-calendar days after receiving a Pre-Service Claim. An extension may be taken by the Plan when a Determination of Benefits cannot be made due to one of the following reasons:

(1) Incomplete Pre-Service Claims. A Pre-Service Claim is incomplete if the Determination of Benefits cannot be made because insufficient information is submitted. The Covered Family Member and any Authorized Representative will be notified in writing that the claim is incomplete within five calendar days after receiving the proof of claim. The notification will include an outline of any information necessary to complete a Determination of Benefits. The minimum information is the identification of the patient, the diagnosis, and the type of service. The necessary information must be submitted within 45 calendar days of receipt of the written notice or an Adverse Benefit Determination will be made.

(2) Fifteen Day Extension for A Pre-Service Claim. The notification timeframe for making a Benefit Determination may be extended when reasons beyond the control of the Plan make it necessary. A single extension of up to 15 days may be taken if the Covered Family Member is notified of the circumstances beyond the control of the Plan and the date a Determination of Benefits will be made. When an extension is required, the Claim Administrator will provide the written notice before the expiration of the initial 15-calendar day Pre-Service Claim notification timeframe.

(C) Post-Service Claims: The Claim Administrator will make a Determination of Benefits for all Post-Service Claims involving medical care or treatment and notify the Covered Family Member and any Authorized Representative. The notification will be made in writing as soon as possible, but not later than 30-calendar days after receiving a Post-Service Claim. An extension may be taken by the Plan when a Determination of Benefits cannot be made due to one of the following reasons:

(1) Incomplete Post-Service Claim. A Post-Service Claim is incomplete if the Determination of Benefits cannot be made because insufficient information is submitted. The Covered Family Member and any Authorized Representative will be notified in writing that the claim is incomplete within 30 days after filing proof of claim. The notification will include an outline of any information

57

an appeal within 30 calendar days of receipt of the appeal. If the Claim Administrator upholds the original Adverse Benefit Determination, the Covered Family Member is entitled to a review by the Plan Administrator at the second level of appeal. The Covered Family Member must appeal the first level decision within 30 days of the decision on review. The Plan Administrator will make a Determination of Benefits of the second level appeal within 30 calendar days after receiving the second level appeal.

(B) Appeals Involving Medical Necessity and Experimental And Investigative Procedures. All Post-Service Claim appeals based on either Medical Necessity or Experimental or Investigative, as defined in the Plan, will be conducted by a health care professional with credentials appropriate to render a decision regarding the claim for benefits.

CLAIM NOTIFICATION TIMEFRAME: The Determination of Benefits will be made within the following timeframes:

(A) Urgent Care Claims:

(1) The Claim Administrator will notify the Provider, the Covered Family Member, or an Authorized Representative of the Determination of Benefits for an Urgent Care Claim within 72 hours after receiving proof of claim unless the claim is incomplete and additional information is necessary. A Provider can be notified orally, electronically, or in writing. When a Determination of Benefits is communicated orally, a written or electronic notification will also be provided to the Covered Family Member within three days following the oral notification.

(2) Incomplete Urgent Care Claims. If the Determination of Benefits for an Urgent Care Claim cannot be made because insufficient information is submitted, the claim will be determined to be incomplete. The Provider, the Covered Family Member, and any Authorized Representative will be notified that the claim is incomplete within 24 hours after receiving the proof of claim. The notification will include an outline of any information necessary to complete a Determination of Benefits. The necessary information must be provided within 48 hours of receipt of the notification or an Adverse Benefit Determination may be made within the timeframes described under ERISA. If the necessary information is submitted, the Claim Administrator will complete the Determination of Benefits for an Urgent Care Claim within 48 hours following receipt of the additional information.

56

necessary to complete a Determination of Benefits. The minimum information is patient name, diagnosis, and the type of service. The necessary information must be submitted within 45 calendar days of receipt of the written notice or an Adverse Benefit Determination will be made.

(2) Fifteen Day Extension for A Post-Service Claim. The notification timeframe for making a Benefit Determination may be extended when reasons beyond the control of the Plan make it necessary. A single extension of up to 15 days may be taken if the Covered Family Member is notified of the circumstances beyond the control of the Plan and the date a Determination of Benefits will be made. When an extension is required, the Claim Administrator will provide the written notice before the expiration of the initial 30-calendar day Post-Service Claim notification timeframe.

(D) **CONCURRENT CLAIMS:**

(1) A Covered Family Member or Authorized Representative may request continued treatment of a Pre-Certified Covered Service. If the request and proof of claim is received at least 24 hours prior to the expiration of the Pre-Certified timeframe, the Covered Family Member and any Authorized Representative will be notified of the Determination of Benefits within 24 hours after receiving proof of claim.

(2) If a Covered Family Member or an Authorized Representative request continued treatment of a Pre-Certified Covered Service less than 24 hours prior to the expiration of the Pre-Certified timeframe, the Covered Family Member and any Authorized Representative will be notified of the determination within 15 days of a request involving a Pre-Service Claim.

## GENERAL PLAN INFORMATION

| | |
|---|---|
| PLAN NAME: | Asplundh Tree Expert Co., Health Benefit and Premium Payment Plan, (Indemnity Plan) |
| PLAN NUMBER: | 551 |
| PLAN SPONSOR: | Asplundh Tree Expert Co.<br>708 Blair Mill Rd.<br>Willow Grove, PA 19090 |
| EMPLOYER IDENTIFICATION NO.: | 23-1277550 |
| TYPE OF PLAN: | Welfare Benefit Plan for Medical and Dental Benefits |
| PLAN ADMINISTRATOR: | James M. Hines<br>Patricia Kinney<br>708 Blair Mill Rd.<br>Willow Grove, PA 19090 |
| AGENT FOR SERVICE OF LEGAL PROCESS: | James M. Hines<br>Patricia Kinney |
| SOURCES OF CONTRIBUTIONS: | Asplundh Tree Expert Co. and its Employees |
| TYPE OF ADMINISTRATION: | Third Party Contract Administrator:<br>RMSCO, Inc.<br>115 Continuum Drive<br>Liverpool, NY 13088 |
| PLAN YEAR: | Plan records are kept on a Plan year basis ending December 31. |
| SOURCE OF FUNDING: | General corporate assets |

The Plan Administrator is the "Named Fiduciary" of the Plan for all purposes of ERISA. The Named Fiduciary may appoint advisors and may act in more than one capacity. A stop loss policy is provided.

65

64